# EXHIBIT

# 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17465-KHT |
| | ) | |
| BADLANDS ENERGY, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Jointly Administered Under |
| | ) | **Case No. 17-17465-KHT** |
| | ) | |
| MONARCH NATURAL GAS, LLC, n/k/a MONARCH MIDSTREAM, LLC, | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | Adversary No. 17-01429 KHT |
| BADLANDS PRODUCTION COMPANY, f/k/a GASCO PRODUCTION COMPANY, BADLANDS ENERGY INC., f/k/a GASCO ENERGY, INC., and WAPITI UTAH, LLC f/k/a WAPITI NEWCO, LLC, | ) ) ) ) ) ) | |
| Defendants | ) | |

## DECLARATION OF JUDSON WILLIAMS

I, JUDSON WILLIAMS, declare as follows:

1. I am over eighteen years old, have personal knowledge of the matters set forth in this Declaration, and am competent to testify as to the matters set forth herein.

2. I am the Chief Financial Officer and Treasurer of Monarch Natural Gas, LLC, n/k/a Monarch Midstream, LLC ("Monarch").

3. Monarch is a company focused on building, acquiring and operating assets in the midstream sector of the oil and gas industry. Monarch specializes in the gathering, processing and transportation of natural gas from the wellhead to downstream markets.

4. Badlands Production Company ("Badlands") is the successor-in-interest to Gasco Production Company ("Gasco Production"). Both Badlands and Gasco Production were

# EXHIBIT 2

upstream oil and gas companies engaged in the development and production of natural gas and natural gas liquids, with operations focused in Uintah and Duchesne Counties, Utah.

5. As of January 2010, Gasco Production operated and owned working interests in approximately one hundred fourteen (114) oil and gas wells and approximately four hundred twenty one (421) associated oil and gas leases affecting various lands located in Uintah and Duchesne Counties, Utah.

6. As of January 2010, Gasco Energy, Inc. and Riverbend Gas Gathering, LLC (collectively referred to as "Gasco Energy"), owned an approximate 108-mile system in the vicinity of Gasco Production's wells and leases in Uintah and Duchesne Counties that was designed to gather, process and transport produced natural gas to a downstream processing plant. Gasco Production Riverbend Gas Gathering, LLC were wholly owned subsidiaries of Gasco Energy.

7. Gasco Energy also owned a system in the vicinity of Gasco Production's oil and gas wells that functioned as a disposal site for produced salt water.

8. In January 2010, a transaction was finalized by which Monarch purchased Gasco Energy's gas gathering and salt water disposal systems for a total consideration of $23 million. Attached hereto as Exhibit "2-A" is a true and correct copy of the Asset Purchase Agreement, dated January 29, 2010, which governed the purchase of the gathering and disposal systems.

9. In conjunction with and as consideration for Monarch's purchase of these systems, the Asset Purchase Agreement obligated Monarch and Gasco Production to execute a Gas Gathering and Processing Agreement and an Agreement for Disposal of Salt Water. A form

of both agreements was referenced in, incorporated into, and attached to the Asset Purchase Agreement as Exhibit "A" and Exhibit "C."

10. The form Gas Gathering and Processing Agreement, as referenced and incorporated in the Asset Purchase Agreement, was executed by Monarch and Gasco Production on March 1, 2010. Attached hereto as Exhibit "2-B" is a true and correct copy of the executed Gas Gathering and Processing Agreement.

11. The Gas Gathering and Processing Agreement was amended and restated by the Amended and Restated Gas Gathering and Processing Agreement, effective March 22, 2012. Attached hereto as Exhibit "2-C" is a true and correct copy of the executed Amended and Restated Gas Gathering and Processing Agreement.

12. The Amended and Restated Gas Gathering and Processing Agreement was amended on two occasions. Attached hereto as Exhibit "2-D" is a true and correct copy of Amendment No. 1, dated November 6, 2012 and effective as of March 22, 2012. Attached hereto as Exhibit "2-E" is Amendment No. 2, dated August 29, 2014 and effective as of July 1, 2014. The Amended and Restated Gas Gathering and Processing Agreement, together with Amendment Nos. 1 and 2, are hereinafter referred to collectively as the "GPA."

13. The GPA obligated Monarch, among other things, to gather, compress and process for a recurring fee all natural gas produced from Gasco Production's oil and gas reserves and leases located in an Area of Mutual Interest ("AMI") as defined in the contract. <u>Amended and Restated Gas Gathering and Processing Agreement</u>, at Arts. 3-4, pp. 7-10. The AMI was comprised of approximately 115,000 acres of land and underlying minerals.

14. In consideration of Monarch's purchase of Gasco Energy's gathering system and Monarch's agreement to gather and process Gasco Production's natural gas, the GPA contained a clause by which Gasco Production dedicated all of its mineral interests within the AMI to Monarch's recently purchased system. In this regard, Gasco Production dedicated the following "Dedicated Reserves" to the performance of the GPA:

> The interest of [Gasco Production] in all Gas reserves in and under, and all Gas owned by [Gasco Production] and produced or delivered from (i) the Leases and (ii) other lands within the AMI, whether now owned or hereafter acquired, along with the processing rights…and any and all additional right, title, interest, or claim of every kind and character of [Gasco Production] or its Affiliates in (x) the Leases or (y) lands within the AMI, and Gas production therefrom, and all interests in any wells, whether now existing or drilled hereafter, on, or completed on, lands covered by a Lease or within the AMI.

*Id.* at ¶1.1, p. 2.

15. The GPA further obligated Gasco Production to make an initial commitment of $50,000,000 for drilling and completing new wells in the AMI. *Id.* at ¶3.4, p. 8.

16. The form Agreement for Disposal of Salt Water, as referenced and incorporated in the Asset Purchase Agreement, was executed by Monarch and Gasco Production on February 26, 2010 (the "SWDA"). Attached hereto as Exhibit "2-F" is a true and correct copy of the executed SWDA.

17. The SWDA obligated Monarch, among other things, to process and dispose of salt water produced from Gasco Production's wells in the AMI at its disposal facility.

18. In consideration of Monarch's purchase of Gasco Energy's salt water disposal system and Monarch's agreement to process and dispose of Gasco Production's produced salt water, the SWDA contained a clause by which Gasco Production dedicated the salt water

4

produced from its wells within certain areas of the AMI to Monarch's recently purchased system. SWDA, at ¶2.1, pp. 2-3.

19. The GPA and SWDA expressly provided, and both Gasco Production and Monarch understood, that the dedications and commitments under the contracts "run with the land." Amended and Restated Gas Gathering and Processing Agreement, at ¶3.4, p. 8; SWDA, at ¶2.1(a), p. 2.

20. Production from Gasco Production's upstream reserves within the AMI was (and remains) the primary supply of gas and saltwater to Monarch's downstream systems and, thus, was (and remains) primary source of revenue to recoup Monarch's investment in purchasing the systems.

21. Production from the reserves was (and remains) subject to several market and operational risks, which directly impact the supply of gas and salt water to Monarch's systems. Fluctuations of market prices and risks associated with drilling, for example, have a significant influence on upstream production from the reserves and ultimately the supply of gas and salt water downstream to Monarch's facilities.

22. A central purpose of the acreage, gas and salt water dedications in the GPA and SWDA, as understood by Gasco Production and Monarch at the time of contracting, was to safeguard revenue to Monarch and mitigate the risks of supply borne by Monarch in light of the significant investment it made in purchasing Gasco Energy's gathering and disposal systems. Monarch would not have entered into either the GPA or the SWDA without these dedications and the agreement that the commitments in both contracts run with the land.

23. In 2013, as part of a larger restructuring of the companies, Gasco Energy changed its name to Badlands Energy, Inc. and Gasco Production changed its name to the debtor, Badlands Production Company.

24. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 22nd day of February 2018.

*Judson Williams* (signature)
Judson Williams