# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BADLANDS ENERGY, INC. | ) | Case No. 17-17465 KHT |
| EIN: 98-0204105, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| BADLANDS PRODUCTION COMPANY | ) | Case No. 17-17467 KHT |
| EIN: 84-1461816, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| BADLANDS ENERGY-UTAH, LLC | ) | Case No.  17-17469 KHT |
| EIN: 47-2023934, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| MYTON OILFIELD RENTALS, LLC | ) | Case No.  17-17471 KHT |
| EIN: 20-1202389, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **Jointly Administered Under** |
| | ) | **Case No.  17-17465 KHT** |

| | | |
|---|---|---|
| MONARCH MIDSTREAM, LLC, f/k/a | ) | Adversary Proceeding |
| MONARCH NATURAL GAS, LLC, | ) | No. 17-1429-KHT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BADLANDS PRODUCTION | ) | |
| COMPANY, f/k/a GASCO | ) | |
| PRODUCTION COMPANY, a | ) | |
| Colorado corporation; BADLANDS | ) | |
| ENERGY INC., f/k/a GASCO | ) | |
| ENERGY, INC., a Colorado | ) | |
| corporation; and WAPITI UTAH, | ) | |
| L.L.C. f/k/a WAPITI NEWCO, L.L.C., | ) | |
| a Delaware limited liability company, | ) | |
| | | |
| Defendants. | | |

### DECLARATION OF CHARLES M. RUBIO IN SUPPORT OF WAPITI UTAH, L.L.C.'S RESPONSE TO MONARCH MIDSTREAM, LLC'S MOTION FOR SUMMARY JUDGMENT

I, Charles M. Rubio, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct. I make this declaration in support of Wapiti Utah, L.L.C.'s Response (the "Response") to Monarch Midstream, LLC's Motion for Summary Judgment (the "MSJ").

2.      I am a partner with Diamond McCarthy LLP. I am licensed to practice law in Texas, New York, as well as before the United States District and Bankruptcy Courts in the Southern District of Texas and elsewhere.

3.      I currently serve as counsel to Wapiti Utah, L.L.C. ("Utah LLC") in connection with its acquisition of certain Riverbend assets (the "Assets") from the Debtor. In that capacity, I have knowledge of the status of this adversary proceeding and related proceedings.

4.      Monarch filed this adversary proceeding on October 23, 2017. Utah LLC filed its answer denying any liability to Monarch on November 30, 2017 [ECF No. 13].

5.      On December 22, 2017, Monarch filed a motion to extend the time for the parties to comply with the deadlines established by Federal Rule of Bankruptcy Procedure 7026 [ECF No. 18]. The Court granted the motion on December 26, 2017. Pursuant to the Court's order, the parties are to confer and discuss the matters described in Rule 7026 "no later than 10 days after the Settlement Agreement between Monarch Midstream, LLC f/k/a/ Monarch Natural Gas, LLC, and Badlands Production Company, Badlands Energy Inc. is approved by this Court." That settlement has not yet been approved by the Bankruptcy Court.

6.      As a result, as of the date of this declaration, neither Utah LLC nor Monarch has made their initial disclosures, conferred as required by Rule 7026, or conducted any discovery.

7.      On January 25, 2018, Utah LLC filed its Motion for Judgment on the Pleadings [ECF No. 22], seeking a judgment denying Monarch claims for declaratory judgment and breach of contract against Utah LLC.  The Motion for Judgment on the Pleadings argues that even assuming the truth of Monarch's allegations, Monarch cannot prevail on its claim for declaratory judgment because the covenants that it alleges run with land do not touch or concern the land.

8.      Monarch responded to the Motion for Judgment on the Pleadings by filing the Response and the MSJ.  ECF Nos. 26–27.  The MSJ seeks summary judgment on Monarch's declaratory judgment claim.  Specifically, it argues that Monarch can establish all elements requirements for the covenants in the Contracts to run with the land, namely (i) touch and concern; (ii) intent; and (iii) privity.

9.      In support of its MSJ, Monarch attached the affidavits of Lesa S. Adair, a purported oil-and-gas expert, and Monarch's CFO, Judson Williams.  Monarch submits that this evidence is necessary in order to establish the touch and concern and intent elements required for the covenants to run with the land.  *See* ECF No. 26 at 3.

10.      As reflected in its Motion for Judgment on the Pleadings, Utah LLC's position is that the Court need not consider extraneous evidence on Monarch's declaratory judgment claim because the Contracts do not touch or concern the Assets as a matter of law.

11.      If the Court finds that considering the affidavits or other evidence is necessary in order to adjudicate the MSJ, Utah LLC submits that the MSJ should be denied or abated in order to allow time for additional discovery.  This discovery would consist of reviewing the documents filed in the real property records to determine if there are any documents concerning Monarch's

3

interest in the properties sold to Utah LLC.  If there are no documents in the real property records concerning Monarch's interest, then this should be dispositive in favor of Utah LLC.  If there are documents in the real property records concerning Monarch's interest, then Utah, LLC would reserve the right to conduct additional discovery that may include:

- Cross-examination of Ms. Adair regarding practices in the upstream and midstream segments of the oil-and-gas industry;

- Cross-examination of Mr. Williams regarding Monarch's intent in entering into the Contracts and whether it intended for the Contracts to run with the land;

- Deposition of a representative of Gasco and/or Badlands regarding whether it intended for the Contracts to run with the land;

- If necessary, location of an expert to rebut Ms. Adair's expert opinions;

- Requests for production, interrogatories, and/or requests for admission to confirm whether or to what extent Monarch or Gasco failed to record certain memoranda in the real property records of Utah and/or Colorado; and

- Discovery regarding any matters arising from these areas of inquiry.

This discovery would be aimed at ascertaining whether Monarch or Gasco intended for the covenants at issue to run with the land as well as securing rebuttal expert opinion testimony regarding the use of covenants running with the land in the midstream sector.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 8, 2018.

*/s/ Charles M. Rubio*

Charles M. Rubio, declarant

4